IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,675-01






EX PARTE RICARDO RAMOS, JR. , Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-03-06016-MCRAJA IN THE 365TH DISTRICT COURT


FROM MAVERICK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to nine years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because his plea bargain contemplated that
he would be bench warranted back to the trial court to be considered for "shock probation," but that
the trial court lost jurisdiction before Applicant could be brought back to Maverick County. Tex.
Code Crim. Proc. art. 42.12 § 6. Applicant has alleged facts that, if true, might entitle him to relief.
Ex parte Austin, 746 S.W.2d 226 (Tex. Crim. App. 1988). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the
trial court is the appropriate forum for findings of fact. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 It appears that Applicant is represented by counsel. If the trial court determines he is not
represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial court shall determine whether "shock"
probation was part of the plea agreement and, if so, whether performance of the plea agreement has
subsequently become impossible. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 5, 2010

Do not publish